# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OMAR JACKSON, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| NORTHLAND GROUP, INC.; and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, OMAR JACKSON, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, NORTHLAND GROUP, INC. ("NORTHLAND"); JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Bergen County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. NORTHLAND maintains a location at 7831 Glenroy Road, Edina, Minnesota 55439.

8. Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters

and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All Bergen County New Jersey consumers who were sent letters and/or notices from NORTHLAND concerning a debt owned by CITIBANK, N.A., which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein.

<u>The class definition may be subsequently modified or refined.</u>

<u>The Class period begins one year to the filing of this Action.</u>

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.    Whether the Defendants violated various provisions of the FDCPA including but not limited to:

15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq*.

    b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without

>the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to January 24, 2017, Plaintiff allegedly incurred a financial obligation to CITIBANK, N.A. ("CITIBANK").

16. The CITIBANK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. Plaintiff incurred the CITIBANK obligation by purchasing goods and services which were primarily for personal, family and household purposes.

18. Plaintiff did not incur the CITIBANK obligation for business purposes.

19. The CITIBANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. CITIBANK is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. On or before January 24, 2017, CITIBANK referred the CITIBANK obligation to NORTHLAND for the purpose of collections.

22. At the time CITIBANK referred the CITIBANK obligation to NORTHLAND, the obligation was past due.

23. At the time CITIBANK referred the CITIBANK obligation to NORTHLAND, the obligation was in default.

24. Defendants caused to be delivered to Plaintiff a letter dated January 24, 2017, which was addressed to Plaintiff. **Exhibit A,** which is fully incorporated herein by reference.

25. The January 24, 2017 letter was sent to Plaintiff in connection with the collection of the CITIBANK obligation.

26. The January 24, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27. Upon receipt, Plaintiff read the January 24, 2017 letter.

28. The January 24, 2017 letter provides the following information regarding the balance claimed due on the CITIBANK obligation:

Account Balance: $2,928.35

29. The January 24, 2017 letter stated in part:

> **As of the date of this letter, the balance due on the account is $2,928.35. Because of adjustments that may vary from day to day, the amount due on this account may be different after the date of this letter.** For further information please call us at 866-699-2648. [emphasis added].

30. Defendants caused to be delivered to Plaintiff a letter dated April 28, 2017, which was addressed to Plaintiff. **Exhibit B,** which is fully incorporated herein by reference.

31. The April 28, 2017 letter was sent to Plaintiff in connection with the collection of the CITIBANK obligation.

32. The April 28, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

33. Upon receipt, Plaintiff read the April 28, 2017 letter.

34. The April 28, 2017 letter provides the following information regarding the balance claimed due on the CITIBANK obligation:

Account Balance: $2,928.35

35. The total balance alleged to be due on the CITIBANK obligation did not increase from January 24, 2017 "**because of adjustments that may vary from day to day.**"

36. From January 24, 2017 through April 28, 2017 the total balance alleged to be due on the CITIBANK obligation did not increase "**because of adjustments that may vary from day to day.**"

37. The only adjustments to the CITIBANK obligation that could have varied from day to day were interest, late charges and other charges assessed by CITIBANK.

38. CITIBANK never authorized NORTHLAND to charge or add interest to the balance of the CITIBANK obligation.

39. CITIBANK never authorized NORTHLAND to add interest, late charges or other charges to the balance of the CITIBANK obligation.

40. At no time was NORTHLAND authorized by CITIBANK to charge or add interest to the balance of the CITIBANK obligation.

41. NORTHLAND was not permitted by CITIBANK to add interest, late charges or other charges to the balance of the CITIBANK obligation.

42. As some time on or before January 24, 2017, CITIBANK ceased charging or adding interest to the balance of the CITIBANK obligation.

43. As some time on or before January 24, 2017, CITIBANK ceased adding interest, late charges or other charges to the balance of the CITIBANK obligation.

## POLICIES AND PRACTICES COMPLAINED OF

44. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

> (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;
>
> (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;
>
> (c) Using unfair or unconscionable means to collect or attempt to collect any debt; and
>
> (d) Making a false representation of the character, amount legal status of the debt.

45. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the State of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

46. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

47. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

48. Defendant's January 24, 2017 letter would lead the least sophisticated consumer to believe that the amount due could increase due to "adjustments that may vary from day to day".

49. Defendant's January 24, 2017 letter would lead the least sophisticated consumer to believe that the "adjustments that may vary from day to day" meant interest, late charges and other charges.

50. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

51. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance of the CITIBANK obligation would increase.

52. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance of the CITIBANK obligation would increase due to interest, late charges or other charges.

53. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to believe that the balance of the CITIBANK obligation could increase.

54. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to believe that the balance of the CITIBANK obligation would increase due to interest, late charges or other charges.

55. Defendant's collection letters were designed to cause the least sophisticated consumer to believe that the balance of the CITIBANK obligation could increase.

56. Defendant's collection letters were designed to cause the least sophisticated consumer to believe that the balance of the CITIBANK obligation could increase due to interest, late charges or other charges.

57. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

58. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

59. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance could increase due to interest, late charges or other charges.

60. Defendants violated 15 U.S.C. § 1692e of the FDCPA by making a misleading representation that the balance could increase due to interest, late charges or other charges.

61. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying that the balance could increase due to "adjustments that may vary from day to day."

62. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

63. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

64. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount and legal status of the debt.

65. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing and/or implying that the balance could increase.

66. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing and/or implying that the balance could increase due to interest, late charges or other charges.

67. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or adding interest, late charges or other charges.

68. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

69. Defendants violated 15 U.S.C. § 1692e(5) by stating that the amount due could be different due to adjustments that vary from day to day when in fact the amount due could not and did not increase.

70. Defendants violated 15 U.S.C. § 1692e(5) by threatening that the amount due could be different due to adjustments that vary from day to day when in fact the amount due could not and did not increase.

71. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

72. Defendants violated 15 U.S.C. § 1692e(10) stating that the amount due could be different due to adjustments that vary from day to day when in fact the amount due could not and did not increase.

73. Defendants' representation that the amount due could be different due to adjustments that vary from day to day when in fact the amount due could not and did not increase violated various provisions of the FDCPA including but not limited to:  15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq*.

74. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

75. Defendants utilized unfair or unconscionable means to collect or attempt to collect the debt by representing that "the amount due" could increase due to additional interest, late charges or other charges when in fact "the amount due" could not and did not increase.

76. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

77. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

78. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

79. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

80. Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

81. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

82. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

      (e)      Awarding post-judgment interest.

      (f)      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

      (g)      Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: October 7, 2017

          *s/ Joseph K. Jones*
          Joseph K. Jones, Esq.
          JONES, WOLF & KAPASI, LLC
          375 Passaic Avenue, Suite 100
          Fairfield, New Jersey 07004
          (973) 227-5900 telephone
          (973) 244-0019 facsimile
          jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

          *s/ Joseph K. Jones*
          Joseph K. Jones, Esq.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: October 7, 2017

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit A

 **Northland Group Inc.**

P.O. Box 390905
Minneapolis, MN 55439
Mail Code CBT1

866-390-2348 ext 1256
For General Business Hours, please visit us at:
www.payments2northland.com

January 24, 2017



**ACCOUNT INFORMATION**

Creditor: CITIBANK, N.A.
Regarding: CITI MASTERCARD
Original Account #: ************1460
Account Balance: $2,928.35

Omar J Jackson

**NORTHLAND REFERENCE NUMBER**

F82411945

Past due account balance: $2,928.35

Dear Omar J Jackson,

The above referenced account has been placed with Northland Group, Inc. for collection. We are aware of today's economic climate and the challenges you may be facing. We pride ourselves on being a problem solving leader in this industry and we are confident we can find a resolution to this matter that is mutually agreeable for all parties involved. This may even include a possible settlement for less than the balance owed. Many times, settlement opportunities can carry a multi-payment option as well. Please contact us to resolve the above referenced account and know that we are always interested in hearing any repayment suggestions that you feel are fair and affordable. This offer does not affect your rights set forth below. Make check payable to Citi.

As of the date of this letter, the balance due on the account is $2,928.35. Because of adjustments that may vary from day to day, the amount due on this account may be different after the date of this letter. For further information please call us at 866-390-2348 ext 1256 or write us at the address provided above.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Thank you,

Northland Group, Inc.

  Pay Online: www.payments2northland.com

# Exhibit B



**Northland Group Inc.**

866-390-2348 ext 1256
For General Business Hours, please visit us at:
www.payments2northland.com

April 28, 2017

Omar J Jackson

PAYMENT ADDRESS: P.O. Box 390905
Minneapolis, MN 55439
Mail Code CBT1

**Northland Reference #: F82411945**
Account Balance: $2,928.35
**Settlement: $878.52**
Creditor: CITIBANK, N.A.
Regarding: CITI MASTERCARD
Original Account #:   ************1460

### IT'S A NEW YEAR WITH NEW OPPORTUNITIES!

In view of tax season and in order to assist you in clearing this debt, we are offering you options; however, the options listed below are not your only options. Make check payable to Citi.

**Option 1 (3-pay settlement):** This option allows you to settle your account for $878.52 in 3 payments of $292.84 in order to clear this debt. We are not obligated to renew this offer. Your first payment is due on 05/19/2017. If you need additional time to respond to this offer, please contact us. The payments can be no more than 30 days apart. For your convenience, payment coupons are attached at the bottom of this letter. Upon receipt and clearance of all three payments, a letter will be sent confirming the above referenced account has been resolved.

**Option 2 (Monthly payments on Balance):** If you are not in a position to take advantage of a settlement offer at this time, we are willing to accept monthly payments of $100 to be applied towards the balance on your account. We are not obligated to renew this offer. If you wish to take advantage of this option, please send your payments to the above address, and be sure to reference your Northland reference number on your payment. Upon receipt of your first payment, we will send you payment coupons for your future monthly payments. Once you are in a position to offer a settlement, please contact us.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.

**Payment Options**
Pay Online: www.payments2northland.com
**Pay by phone:** Please call Northland Group Inc at 866-390-2348 ext 1256
**Pay by Mail:** Send payments to PO BOX 390905, Minneapolis, MN 55439